IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALIREZA KALANTAR HORMOZI, ) | |
| ) | |
| Appellant, ) | Civil Action No. 24-cv-02129-LKG |
| ) | |
| v. ) | Dated: June 6, 2025 |
| ) | |
| U.S. TRUSTEE, *et al.*, ) | |
| ) | |
| Appellees. ) | |
| ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this bankruptcy appeal, the Appellant, Alireza Kalantar Hormozi, challenges the decision of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), to convert this matter to a Chapter 7 proceeding (the "Conversion Order"), pursuant to 28 U.S.C. § 158(a).[1] *See generally* ECF No. 1. The Appellant filed a brief in support of this appeal on September 13, 2024. ECF No. 8. The Appellees, Offit Kurman and the United States Trustee, filed responsive briefs on October 15, 2024, and October 16, 2024, respectively. ECF Nos. 13 and 14.

The Appellant has also moved to stay the Chapter 7 bankruptcy proceedings before the Bankruptcy Court, pending the resolution of this appeal, pursuant to Fed. R. Bankr. P. 8007. ECF No. 9. This motion is fully briefed. ECF Nos. 9, 10, 11 and 12. No hearing is necessary to resolve these matters. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **AFFIRMS** the Bankruptcy Court's Conversion Order (2) **DENIES-as-MOOT** the Appellant's motion to stay Chapter 7 proceedings (ECF No. 9) and (3) **DISMISSES** this appeal.

---

[1] While the Appellant states that he generally challenges three Bankruptcy Court Orders in this matter in his notice of appeal, he only addresses the Bankruptcy Court's decision to convert the case in his appellate brief. ECF No. 1; *see* ECF No. 8 at 6-7. And so, the Court construes this appeal to challenge the Bankruptcy Court's July 10, 2024, Conversion Order.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. Factual Background

In this bankruptcy appeal, the Appellant, Alireza Kalantar Hormozi, challenges the decision of the Bankruptcy Court to convert the underlying proceedings in this bankruptcy case to a Chapter 7 bankruptcy proceeding. *See generally* ECF No. 1; ECF No. 8. The Appellant also seeks a stay of the Chapter 7 bankruptcy proceedings, pending the resolution of this appeal. ECF No. 9.

The Bankruptcy Case

As background, the Appellant is the debtor in the underlying bankruptcy case pending before the Bankruptcy Court. ECF No. 1 at 1. The Appellant is also the sole owner of Nicolas Hospitality, Inc., which is a restaurant and lounge located in Washington, DC. ECF No. 8 at 3.

Appellee Offit Kurman, P.A. is a creditor in the underlying bankruptcy case. *See id*.

Appellee Gerard R. Vetter is the Acting United States Trustee for Region Four and he is the Trustee in the underlying bankruptcy case. *See* ECF No. 13 at 46; *see also* ECF No. 12 at 1.

Gloria Galeano is a creditor in the underlying bankruptcy case and she co-parents a minor child with the Appellant. *See* ECF No. 8 at 3.

Barry J. Rosenthal represented Ms. Galeano in certain custody proceedings regarding the minor child and he is also a creditor in the underlying bankruptcy case. *See id*.

On September 27, 2023, the Appellant filed a voluntary Chapter 11 bankruptcy petition (the "Petition") in the Bankruptcy Court. *See generally* ECF No. 3-1. In the Petition, the Appellant represents that his debts are not primarily consumer and business debts. *Id*. at 7. And so, the Appellant describes his debts in the Petition as "attorney fee awards and claims, mortgage." *Id*.

On October 16, 2023, the Appellant filed a statement of financial affairs ("SFA"), which provides in response to the question - "Are either Debtor 1's or Debtor 2's debts primarily consumer debts"- the answer "No." ECF No. 3-22 at 3 and 12. On November 6, 2023, the

---

[2] The facts recited in this memorandum opinion are derived from the Appellant's opening brief; the Appellees' responsive briefs; the Appellant's motion to stay and memorandum in support thereof; the Appellees' responses in opposition thereto; the Appellant's designation of the record on appeal and the exhibits thereto; the Appellee's designation of the record and the exhibits thereto; and the transcripts of proceedings at the Bankruptcy Court. ECF Nos. 3, 5, 6, 8, 9, 10, 12, 13 and 14.

2

Appellant filed an amended SFA, which provides the same response to the above question. *See* ECF No. 3-34 at 3.

The Appellant failed to file a Chapter 11 Plan within the exclusivity time period established pursuant to 11 U.S.C. § 1121. *See* ECF No. 3-47. And so, the Bankruptcy Court held a status conference in the case on February 14, 2024. *See id*.

At the conclusion of the status conference, the Bankruptcy Court entered an Order directing the Appellant to "file a Disclosure Statement reasonably susceptible to approval and a Plan reasonably susceptible to confirmation by April 1, 2024" (the "February 14, 2024, Scheduling Order"). *See* ECF Nos. 3-53 and 3-54. The February 14, 2024, Scheduling Order further provides that, "if [the Appellant] fails to file a Disclosure Statement reasonably susceptible to approval and a Plan reasonably susceptible to confirmation by April 1, 2024, then the Court may convert this case to a Chapter 7 proceeding or dismiss this case without further notice or a hearing." ECF No. 3-54.

On April 5, 2024, the Appellant filed a Chapter 11 Plan and a Disclosure Statement, after receiving an extension of time from the Bankruptcy Court. ECF Nos. 3-64 and 3-66. The Appellant served the Plan and Disclosure Statement on April 8, 2024. ECF No. 3-66 at 14.

Thereafter, the Trustee objected to the approval of the Plan and Disclosure Statement upon several grounds, including that: (1) the Plan was not feasible; (2) the Plan was not proposed in good faith; and (3) the Disclosure Statement failed to explain the significant diminution in value of the Appellant's assets. *See* ECF No. 3-76. Several creditors also raised similar objections to the Plan and Disclosure Statement. *See* ECF Nos. 3-75, 3-77 and 3-93.

On June 4, 2024, the Bankruptcy Court held a hearing, during which the Bankruptcy Court sustained the objections to the Appellant's Plan and Disclosure Statement. *See* ECF No. 3-94. The Bankruptcy Court also issued orders that: (1) directed the Appellant to file an "Amended Disclosure Statement reasonably susceptible to approval and an Amended Plan reasonably susceptible to confirmation by June 19, 2024" (the "June 4, 2024, Scheduling Order"), and (2) directed the Appellant to show cause, by July 1, 2024, why his case should not be converted, or dismissed (the "June 4, 2024, Show Cause Order"). *See* ECF Nos. 3-94, 3-95 and 3-96.

### The Amended Plan And Disclosure Statement

On June 19, 2024, the Appellant filed an Amended Plan and Disclosure Statement. ECF Nos. 3-97 and 3-98. In the Amended Plan, the Appellant proposes to pay his pre-petition creditors (other than his home mortgage lender) $3,100 per month for eight years, beginning in August 2024. ECF No. 13-1 at UST 000377; *see* ECF No. 3-98 at 6-9. The Appellant also projects that his regular household expenses would be $10,016 per month, from August 2024, to January 2025. ECF No. 13-1 at UST 000377.

In addition, the Appellant projects that his regular household expenses would increase in January 2025, to $11,386 a month, through June 2025, and that these expenses would further increase to $11,886 in July 2025. *Id*. The Appellant also projects that his monthly household expenses would drop back to $11,386 for one month during the second year of the Amended Plan, but thereafter these expenses would return to $11,886 per month for the remainder of the Amended Plan's term. *Id*.

In the Amended Disclosure Statement, the Appellant states that he receives rental income in the amount of $2,500 per month from two tenants. ECF No. 3-98 at 6. The Amended Disclosure Statement further states that the Appellant has been working to stabilize his business, Nicolas Hospitality, and "foregoing paying himself over the course of the last several months which is reflected in his monthly operating statements" and that he "expects to resume paying himself $10,000 per month if his Plan of Re-Organization is approved." *Id*. And so, the Appellant projects a monthly income of $12,500 per month, from August 2024 to December 2024 in the Amended Plan. ECF No. 13-1 at UST 000377.

Lastly, the Appellant projects that his income will increase by $2,500 in January 2025, due to certain consulting work. ECF No. 3-98 at 6; *see also* ECF No. 13-1 at UST 000377. The Appellant also states that his "non-filing spouse is expected to assist with household expenses." ECF No. 3-98 at 17. The Appellant further reports assets totaling more than $1.7 million, but he projects that the liquidation values of these assets is approximately $162,485.17 in the Amended Disclosure Statement. *Id*. at 8-11.

### The Bankruptcy Court's Conversion Order

On July 8, 2024, the Bankruptcy Court held a hearing on the Appellant's Amended Plan and Amended Disclosure Statement. *See* ECF No. 6-15. During the hearing, the Bankruptcy

4

Court found that the Appellant's Amended Plan and Amended Disclosure Statement did not correct the deficiencies previously found by the Bankruptcy Court. *See id*.

The Bankruptcy Court also converted this case to a Chapter 7 bankruptcy proceeding for several reasons. *See* ECF No. 5 at 52-57 and 60. First, the Bankruptcy Court found that the Appellant was not a "good steward of the assets of this bankruptcy Estate" and that the Appellant "[had] not been fulfilling his fiduciary duties in this case." *Id*. at 52. The Bankruptcy Court also found that the Appellant: (1) had either insufficient income to perform the obligations in his proposed Plan, or had reduced his income in violation of his fiduciary duty to his creditors; (2) was acting in his own self-interest; and (3) was causing delay in the case. *Id*. at 52-57 and 60. And so, the Bankruptcy Court found cause under 11 U.S.C. § 1112(b) to either dismiss the case, or to convert the case to a Chapter 7 proceeding. *Id*. at 62:3-4.

The Bankruptcy Court further determined that conversion of the case to a Chapter 7 proceeding, rather than dismissing the case, was in the best interest of creditors and the estate, because: (1) the creditors who expressed an opinion on the matter of conversion—Barry Rosenthal, Offit Kurman and Gloria Galeano—all stated a preference for conversion over dismissal of the case; (2) an independent fiduciary was needed to investigate and consider potential avoidance actions against the Appellant's family members and to address the complex asset issues; and (3) the creditors had already experienced delay in this case and dismissal of the case would further delay any recovery for the Appellant's creditors, thereby prejudicing the creditors. *Id*. at 62:13-16, 63:23-24 and 64:5-10. And so, the Bankruptcy Court converted this case to a Chapter 7 proceeding. ECF No. 6-15.

### B. Relevant Procedural History

On July 23, 2024, the Appellant filed a notice of appeal of the Bankruptcy Court's Conversion Order. ECF No. 1. On September 21, 2024, the Appellant filed a motion to stay the Chapter 7 proceedings before Bankruptcy Court. ECF No. 9.

On October 2, 2024, Appellee Offit Kurman filed a response in opposition to the Appellant's motion to stay. ECF No. 10. On October 3, 2024, the Appellant filed a reply brief in support of his motion to stay. ECF No. 11. On October 7, 2024, the United States Trustee filed a response in opposition to the Appellant's motion to stay. ECF No. 12.

On September 13, 2024, the Appellant filed a brief in support of this appeal. ECF No. 8. On October 15, 2024, the United States Trustee filed a responsive brief. ECF No. 13. On October 16, 2024, Creditor Offit Kurman filed a responsive brief. ECF No. 14.

These matters having been fully briefed, the Court resolves the pending appeal.

### III. LEGAL STANDARDS

#### A. Bankruptcy Appeals

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction over appeals from bankruptcy courts with respect to final judgments, orders, and decrees. 28 U.S.C. § 158(a). On an appeal from the bankruptcy court, the Court "review[s] the bankruptcy court's legal conclusions *de novo*, factual findings for clear error, and any discretionary decisions for abuse of discretion." *Copley v. United States (In re Copley)*, 959 F.3d 118, 121 (4th Cir. 2020); *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004).

#### B. Conversion Or Dismissal Of Chapter 11 Cases

Title 11, United States Code, Section 1112(b) addresses the conversion of Chapter 11 bankruptcy proceedings to Chapter 7 proceedings and this statute provides, in relevant part, that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under [Chapter 11] to a case under [C]hapter 7 or dismiss a case under [Chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The bankruptcy court takes a two-step approach when determining whether to dismiss, or convert a bankruptcy case pursuant to 11 U.S.C. § 1112(b).

First, the bankruptcy court must determine whether "cause" exists to convert or dismiss a Chapter 11 bankruptcy case. *In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994). In this regard, Section 1112(b)(4) sets forth a non-exhaustive list of examples of what constitutes such "cause," including the following:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

>    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>
>    (E) failure to comply with an order of the court;
>
>    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
>    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>
>    (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
>
>    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
>
>    (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
>
>    (K) failure to pay any fees or charges required under chapter 123 of title 28;
>
>    (L) revocation of an order of confirmation under section 1144;
>
>    (M) inability to effectuate substantial consummation of a confirmed plan;
>
>    (N) material default by the debtor with respect to a confirmed plan;
>
>    (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
>
>    (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4). And so, courts have found that proposing an unrealistic reorganization plan, failing to propose a confirmable plan within a reasonable time and failing to act as a fiduciary to creditors constitute cause under Section 1112(b). *See In re Superior Siding & Window, Inc.*, 14 F.3d at 242 (holding that cause exists where the debtor has acted in subjective bad faith in filing for Chapter 11 relief, and where the reorganization was unrealistic); *In re Samuels*, No. 20-9001, 2022 WL 18357190 at *1 (1st Cir. 2022) (affirming finding of cause for "(1) failure to confirm a plan within a reasonable time and (2) inability to propose a confirmable plan."); *In re Landmark Atl. Hess Farm*, LLC, 448 B.R. 707, 716- 8 (Bankr. D. Md.

7

2011) (finding cause for failure to act as a fiduciary and bad faith); *In re Williams*, No. 91-2585, 1992 WL 521537 at *3 (D. Md. Sept. 1, 1992) ("Dismissal under § 1112(b)(2) is appropriate 'where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so' for whatever reason.") (quoting *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989)).

Second, if the bankruptcy court determines that cause exists to convert or dismiss a Chapter 11 proceeding, the bankruptcy court must then determine whether dismissal, or conversion of the bankruptcy case to a Chapter 7 proceeding would best serve the interests of the creditors and the bankruptcy estate. 11 U.S.C. § 1112(b)(1); *In re Superior Siding & Window, Inc.*, 14 F.3d at 243. But, the bankruptcy court may not convert, or dismiss the case if the bankruptcy court finds and identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that there is a reasonable likelihood that a plan will be confirmed within the relevant time frame and the grounds for converting or dismissing the case include an act or omission of the debtor other than certain grounds enumerated under paragraph (4)(A) of the statute. 11 U.S.C. § 1112(b)(2).

In this regard, the United States Court of Appeals for the Fourth Circuit has held that the "best interests of creditors" inquiry "cannot be completed without comparing the creditors' interests in bankruptcy with those they would have under state law." *In re Superior Siding & Window, Inc.*, 14 F.3d at 243; *accord Lakefront Invs., LLC, v. Clarkson*, 484 B.R. 72, 85 (D. Md. 2012) (holding that the bankruptcy court abused its discretion in dismissing the case, because the court failed to consider "[s]everal factors cited by the Creditors [that] show that their interests would be better served by keeping the Debtors' cases in bankruptcy than by dismissing the case and having them resort to state law"), *aff'd sub nom*. *Lakefront Invs. LLC v. Sydnor*, 520 F. App'x 221 (4th Cir. 2013). The bankruptcy court also does not consider the debtor's interests in deciding whether to convert, or dismiss a case. *Lakefront Invs. LLC*, 484 B.R. at 85 ("When the Bankruptcy Court considered the "problem that [the Debtors] perceive," … it contravened the explicit directive in § 1112 to consider only the interests of creditors and the estate."). In addition, Section 1112(f) provides that a Chapter 11 case may not be converted to a case under another chapter "unless the debtor may be a debtor under such chapter." 11 U.S.C. § 1112(b)(2).

Lastly, the Court reviews the bankruptcy court's decision to convert a bankruptcy proceeding for abuse of discretion. *See In re Superior Siding & Window*, 14 F.3d at 242; *see*

8

*also In re Fraidin, No. 95-2922*, 1997 WL 153826, at *2 (4th Cir. Apr. 3, 1997). In this regard, the Fourth Circuit has held that a court abuses its discretion "when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012). The Court also reviews the factors considered by the bankruptcy court in reaching a decision to either convert or dismiss a bankruptcy proceeding *de novo*. *In re Superior Siding & Window, Inc.*, 14 F.3d at 242; *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 254 (4th Cir. 2007).

### C. Dismissal Of Chapter 7 Cases Under Section 707(b)

Pursuant to title 11, United States Code, Section 707(b), the bankruptcy court, on its own motion or on a motion by the United States trustee, trustee, or any party in interest, "may dismiss a case filed by an individual debtor under [Chapter 7] whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under [C]hapter 11 or 13 . . ., if it finds that the granting of relief would be an abuse of the provisions of [Chapter 11]." 11 U.S.C. § 707(b)(1). When deciding whether to dismiss a bankruptcy case under section 707(b), the bankruptcy court "may not take into consideration whether a debtor has made, or continues to make, charitable contributions . . . to any qualified religious or charitable entity or organization." *Id*. And so, section 707(b) does not apply to debtors who are not individuals, or to debtors whose debts are not primarily consumer debts. *See id*; *In re Cisneros*, No. 21-12338-MCR, 2021 WL 4145407, at *1 n.1 (Bankr. D. Md. Aug. 25, 2021); *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988).

In determining whether a case would constitute an abuse of Chapter 7, a rebuttable presumption of abuse arises if a calculation commonly referred to as the "means test" results in a number higher than certain statutory thresholds. 11 U.S.C. § 707(b)(2)(A); *see In re Egebjerg*, 574 F.3d 1045, 1048 (9th Cir. 2009) (noting that the formula of Section 707(b)(2) is more commonly referred to as the "means test"). The means test begins by determining a debtor's "current monthly income." *Schultz v. U.S*., 529 F.3d 343, 347 (6th Cir. 2008); *see also* 11 U.S.C. § 101(10A) (current monthly income is a debtor's average monthly income during the 6-month period ending on either the last calendar month immediately preceding the filing of the bankruptcy case or the date on which current income is determined by the bankruptcy court.). The next step is to determine whether the debtor's current monthly income annualized is greater or less than the "median family income of the applicable State." 11 U.S.C. § 707(b)(7). If the

9

debtor's current monthly income is less than the median family income of the applicable State, the inquiry ends.  11 U.S.C. §§ 707(b)(2), 707(b)(7).  If the debtor's current monthly income exceeds the median family income of the applicable State, then the next step is to determine if the annualized current monthly income, minus certain statutorily allowed expenses and then multiplied by 60, is more than the statutory limit.  11 U.S.C. § 707(b)(2).  If so, a presumption of abuse arises.  *Id*.

## IV.  ANALYSIS

In this bankruptcy appeal, the Appellant challenges the Bankruptcy Court's Conversion Order, which converts the underlying bankruptcy case to a Chapter 7 proceeding.  ECF No. 8. Specifically, the Appellant argues that the Court should vacate the Conversion Order, because: (1) conversion was improper under Section 1112(f) and thus, futile; (2) the Bankruptcy Court should have dismissed the Chapter 11 proceeding under 11 U.S.C. § 707(b), because the Appellant fails the means test and a presumption of abuse applies to this proceeding; (3) the Bankruptcy Court lacked cause to convert the proceeding; and (4) conversion is not in the best interest of the creditors or the estate.  *See id*.  The Appellant has also moved to stay the underlying Chapter 7 proceedings, pending the resolution of this appeal.  ECF No. 9.  And so, the Appellant requests that the Court stay the Chapter 7 proceedings, pending the resolution of this appeal, vacate the Conversion Order and remand this matter "to the Bankruptcy Court for further proceedings under Chapter 11 of the Bankruptcy Code or with instructions to dismiss." ECF Nos. 8 and 9.

In their responsive briefs, the Appellees argue that the Court should affirm the Conversion Order, because: (1) the Appellant does not seriously dispute that statutory cause exists for conversion; (2) the record amply supports the Bankruptcy Court's finding of cause; (3) the Bankruptcy Court did not abuse its discretion in deciding to convert, as opposed to dismiss, this matter; (4) the means test does not apply to this case; and (5) even if the means test did apply to this case, the record does not support the Appellant's claim that a presumption of abuse arises. ECF Nos. 13 and 14.  The Appellees also oppose the Appellant's motion to stay.  ECF Nos. 10 and 12.  And so, the Appellees request that the Court deny the Appellant's motion stay and affirm the Bankruptcy Court's Conversion Order.  ECF Nos. 10, 12, 13 and 14.

For the reasons that follow, the evidentiary record before the Court shows that cause exists to either convert or dismiss the underlying Chapter 11 bankruptcy case, pursuant to 11

10

U.S.C. § 1112(b)(1).  The evidentiary record also shows that the Bankruptcy Court did not abuse its discretion in deciding to convert the underlying bankruptcy case to a Chapter 7 proceeding. And so, the Court: (1) AFFIRMS the Bankruptcy Court's Conversion Order (2) DENIES-as-MOOT the Appellant's motion to stay Chapter 7 proceedings (ECF No. 9) and (3) DISMISSES this appeal.

### A.  Cause Exists To Dismiss Or Convert This Case

As an initial matter the evidentiary record before the Court shows that there is cause to convert or dismiss this Chapter 11 bankruptcy proceeding.  Pursuant to 11 U.S.C § 1112(b), "on request of a party in interest, and after notice and a hearing, the court shall convert a case under [Chapter 11] to a case under [C]hapter 7 or dismiss a case under [Chapter11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).  The Court takes a two-step approach when determining whether to dismiss, or convert a bankruptcy case pursuant to 11 U.S.C. § 1112(b).

Under the first step, the Court must determine whether "cause" exists to convert or dismiss a Chapter 11 bankruptcy case.  *In re Superior Siding & Window, Inc.*, 14 F.3d at 242.  In this regard, Section 1112(b)(4) sets forth a non-exhaustive list of examples of what constitutes such "cause," including: (1) failure to comply with an order of the court and (2) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by Title 11 or by order of the court.  11 U.S.C. § 1112(b)(4)(E) and (J).  And so, courts have found that proposing an unrealistic reorganization plan, failing to propose a confirmable plan within a reasonable time and failing to act as a fiduciary to creditors constitute cause under Section 1112(b).  *See In re Superior Siding & Window, Inc.*, 14 F.3d at 242 (holding that cause exists where the debtor has acted in subjective bad faith in filing for Chapter 11 relief, and where the reorganization was unrealistic); *In re Samuels*, 2022 WL 18357190 at *1 (affirming finding of cause for "(1) failure to confirm a plan within a reasonable time and (2) inability to propose a confirmable plan."); *In re Landmark Atl. Hess Farm*, *LLC*, 448 B.R. at 716-18 (finding cause for failure to act as a fiduciary and bad faith); *In re Williams*, 1992 WL 521537 at *3 ("Dismissal under § 1112(b)(2) is appropriate 'where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so' for whatever reason.") (quoting *Hall*, 887 F.2d at 1044).

11

In this case, the evidentiary record shows that there is cause to convert or dismiss this bankruptcy matter under Section 1112(b) for several reasons. First, there is cause to convert or dismiss this matter, pursuant to Section 1112(b)(4)(E), because the evidence before the Court shows that the Appellant failed to comply with orders of the Bankruptcy Court. In this regard, the evidentiary record shows that the Bankruptcy Court's February 14, 2024, Scheduling Order directed the Appellant to "file a Disclosure Statement reasonably susceptible to approval and a Plan reasonably susceptible to confirmation by April 1, 2024." ECF No. 3-54. But, the evidence before the Court shows that the Bankruptcy Court determined that the Appellant's proposed Plan was not reasonably susceptible to confirmation and the proposed Disclosure Statement was also not reasonably susceptible to approval. *See* ECF No. 3-94; ECF No. 3-95. Given this, there is cause to convert or dismiss this matter, because the Appellant failed to comply with the Bankruptcy Court's February 14, 2024, Scheduling Order. 11 U.S.C. § 1112(b)(4)(E).

The evidence before the Court also shows that the Appellant failed to comply with the Bankruptcy Court's June 4, 2024, Scheduling Order. The Bankruptcy Court's June 4, 2024, Scheduling Order directed the Appellant to file an "Amended Disclosure Statement reasonably susceptible to approval and an Amended Plan reasonably susceptible to confirmation by June 19, 2024." ECF No. 3-95. But, the Bankruptcy Court determined that the Appellant's Amended Plan was not reasonably susceptible to confirmation and that his Amended Disclosure Statement was not reasonably susceptible to approval. *See* ECF No. 6-15. Given this, there is also cause to convert or dismiss this matter, because the Appellant failed to comply with the Bankruptcy Court's June 4, 2024, Scheduling Order. 11 U.S.C. § 1112(b)(4)(E).

Lastly, there is an independent ground for finding cause to convert or dismiss this matter, because the Appellant failed to file a plan and disclosure statement that were reasonably susceptible to confirmation and approval within the time set by the Bankruptcy Court. As discussed above, the evidence before the Court makes clear that the Appellant failed to propose a plan and disclosure statement that were reasonably susceptible to confirmation and approval, despite two opportunities to do so in the nearly nine months since he filed his Petition. *See* ECF No. 3-94; ECF No. 3-95; ECF No. 6-15. Given this, the Appellant's failure to propose a plan and disclosure statement that were reasonably susceptible to confirmation and approval within a reasonable time frame is another basis for the Court to find cause to convert or dismiss this matter, pursuant to 11 U.S.C. § 1112(b)(4)(J); *see also In re Williams*, 1992 WL 521537 at *3

12

("Dismissal under § 1112(b)(2) is appropriate 'where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so' for whatever reason.") (quoting *Hall*, 887 F.2d at 1044); *In re Samuels*, 2022 WL 18357190 at *1 (affirming finding of cause for "(1) failure to confirm a plan within a reasonable time and (2) inability to propose a confirmable plan.").

And so, for the aforementioned reasons, the Court concludes that cause exists to convert or dismiss this bankruptcy matter under Section 1112(b).[3]

### B. The Bankruptcy Court Did Not Abuse Its Discretion By Converting The Case

The Court is also satisfied that the Bankruptcy Court did not abuse its discretion in deciding to convert this matter to a Chapter 7 proceeding. Pursuant to Section 1112(b), if the bankruptcy court determines that cause exists to convert or dismiss a Chapter 11 proceeding, the bankruptcy court must then determine whether dismissal, or conversion of the bankruptcy case to a Chapter 7 proceeding would best serve the interests of the creditors and the bankruptcy estate. 11 U.S.C. § 1112(b)(1); *In re Superior Siding & Window, Inc.*, 14 F.3d at 243. In this regard, the Fourth Circuit has held that the "best interests of creditors" inquiry "cannot be completed without comparing the creditors' interests in bankruptcy with those they would have under state law." *In re Superior Siding & Window, Inc.*, 14 F.3d at 243; *accord Lakefront Invs., LLC*, 484 B.R. at 85.

Here, the evidentiary record shows that the Bankruptcy Court did not abuse its discretion in converting this matter, because the Bankruptcy Court reasonably determined that conversion to a Chapter 7 proceeding was in the best interest of the creditors and the estate for three reasons. First, the Bankruptcy Court reasonably found that conversion was in the best interest of the creditors, because the only creditors who expressed an opinion on the matter—Mr. Rosenthal, Offit Kurman, P.A. and Ms. Galeano—all stated a preference for conversion over dismissal of the case. ECF No. 5 at 62:13-16 and 63:23-24. Second, the Bankruptcy Court reasonably found that conversion was in the best interest of estate, because the Bankruptcy Court determined that

---

[3] The Appellant's arguments that there is no cause to convert or dismiss this matter are also unpersuasive. Courts have found that proposing an unrealistic reorganization plan constitutes cause under Section 1112(b). *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994) (holding that cause exists where the debtor has acted in subjective bad faith in filing for Chapter 11 relief, and where the reorganization was unrealistic).

13

an independent fiduciary was needed to investigate and consider potential avoidance actions against the Appellant's family members and to address the complex asset issues in this case. *Id*. at 62:23-24 and 63:1-22. Third, the Bankruptcy Court also reasonably found that conversion was in the best interest of the creditors and the estate, because of the significant length of time that this case had been pending before the Bankruptcy Court and concerns that a dismissal of the case would prejudice the creditors. Given these concerns, which are substantiated by the evidentiary record, the Court is satisfied that the Bankruptcy Court did not abuse its discretion in deciding to convert this case. 11 U.S.C. § 1112(b)(1); *In re Superior Siding & Window, Inc*., 14 F.3d at 243.

### C. The Appellant Has Not Shown That Conversion Is Futile

As a final matter, the Court is not persuaded by the Appellant's argument that the conversion of this matter is improper, because it is futile. Pursuant to title 11, United States Code, Section 707(b), the bankruptcy court, on its own motion or on a motion by the United States trustee, trustee, or any party in interest, "may dismiss a case filed by an individual debtor under [Chapter 7] whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under [C]hapter 11 or 13 . . ., if it finds that the granting of relief would be an abuse of the provisions of [Chapter 11]." 11 U.S.C. § 707(b)(1). Section 707(b) does not, however, apply to debtors who are not individuals, or to debtors whose debts are not primarily consumer debts. *In re Cisneros*, 2021 WL 4145407, at *1 n.1; *In re Booth*, 858 F.2d at 1055.

In this case, the Appellant argues that conversion of this case is improper, because: (1) he may not be a debtor under Chapter 7 and (2) a conversion to a Chapter 7 proceeding is presumptively abusive under Section 707(b) and will result in the dismissal of the Chapter 7 bankruptcy proceeding. ECF No. 8 at 7-16. The Court disagrees with these arguments for several reasons.

First, Section 1112(f) is satisfied here, because the Appellant is eligible to be a debtor under Chapter 7. Notably, the Appellant is neither a railroad, nor any of the specific financial entities that are excluded from being a Chapter 7 debtor. *See* 11 U.S.C. § 109(a) and (b).

Second, Section 707(b) does not apply to this case, because the evidence before the Court makes clear that the Appellant's debts are primarily non-consumer debts and that these debts may not be dismissed under Section 707(b). *See* ECF No. 3-1 at 7 (describing the Appellant's debts as non-consumer debts); ECF No. 3-22 at 3 (same); ECF No. 3-34 at 3 (same). The Court

14

also observes that the Appellant has not established that this case would be dismissed upon conversion to a Chapter 7 proceeding, based upon a presumption of abuse, because it is undisputed that a means test has not been conducted in this matter. And so, the Appellant's arguments challenging the Bankruptcy Court's decision to convert this matter are unsubstantiated.

## V.     CONCLUSION

In sum, the evidentiary record before the Court shows that cause exists to either convert or dismiss the underlying bankruptcy case pursuant to 11 U.S.C. § 1112(b)(1). The evidentiary record also shows the Bankruptcy Court did not abuse its discretion in deciding to convert this matter to a Chapter 7 proceeding.

And so, for the foregoing reasons, the Court:

(1) **AFFIRMS** the Bankruptcy Court's Conversion Order;

(2) **DENIES-as-MOOT** the Appellant's motion to stay Chapter 7 proceedings (ECF No. 9); and

(3) **DISMISSES** this appeal.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge