IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALIREZA KALANTAR HORMOZI, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 24-cv-02129-LKG |
| | ) | |
| v. | ) | Dated:  August 12, 2025 |
| | ) | |
| U.S. TRUSTEE, *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER
## DENYING THE APPELLANT'S MOTION FOR REHEARING

The Appellant, Alireza Kalantar Hormozi, has moved for a rehearing of the matters resolved in the Court's June 6, 2025, memorandum opinion and order (the "June 6, 2025, Decision"), which: (1) affirmed the Bankruptcy Court's Conversion Order (2) denied-as-moot the Appellant's motion to stay Chapter 7 proceedings (ECF No. 9) and (3) dismissed this appeal, pursuant Fed. R. Bankr. P. 8022.  ECF No. 17; *see also* ECF Nos. 15 and 16.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court **DENIES** the Appellant's motion.

## Background And Procedural History

On July 8, 2024, the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), converted this matter to a Chapter 7 proceeding (the "Conversion Order"), pursuant to 28 U.S.C. § 158(a).  The Bankruptcy Court found cause to convert the underlying bankruptcy matter, because, among other things, the Bankruptcy Court found that the Appellant was not fulfilling his fiduciary duties and he was unable to propose a workable Chapter 11 Plan. *See* ECF No. 5 at 52-57 and 60.  In addition, the Bankruptcy Court determined that conversion of the case to a Chapter 7 proceeding, rather than dismissing the case, was in the best interest of creditors and the estate, because: (1) the creditors who expressed an opinion on the matter of conversion all stated a preference for conversion over dismissal of the case; (2) an independent fiduciary was needed to investigate and consider potential avoidance actions against the

Appellant's family members and to address the complex asset issues; and (3) the creditors had already experienced delay in this case and dismissal of the case would further delay any recovery for the Appellant's creditors, thereby prejudicing the creditors. *Id*. at 62:13-16, 63:23-24 and 64:5-10. And so, the Bankruptcy Court converted this case to a Chapter 7 proceeding. ECF No. 6-15.

The June 6, 2025, Decision

On July 23, 2024, the Appellant filed a notice of appeal of the Bankruptcy Court's Conversion Order. ECF No. 1. On June 6, 2025, the Court issued a memorandum opinion and order in this appeal. ECF Nos. 15 and 16. In the June 6, 2025, Decision, the Court held that: (1) cause exists to convert or dismiss this bankruptcy matter, pursuant to 11 U.S.C. § 1112(b)(1); (2) the Bankruptcy Court did not abuse its discretion in converting this case, because the Bankruptcy Court considered whether dismissal or conversion of the bankruptcy case to a Chapter 7 proceeding would best serve the interests of the creditors and the bankruptcy estate; and (3) the Appellant had not shown that conversion was futile under 11 U.S.C. § 707(b)(1), because the Appellant's debts are not primarily consumer debts and there is no evidence to indicate a presumption of abuse. *See* ECF No. 15 at 11-15. And so, the Court: (1) affirmed the Bankruptcy Court's Conversion Order (2) denied-as-moot the Appellant's motion to stay Chapter 7 proceedings (ECF No. 9) and (3) dismissed the appeal. *Id*. at 15; *see also* ECF No. 16.

**Standards of Decision**

### A. Bankruptcy Rule 8022

District courts have jurisdiction over appeals from bankruptcy courts with respect to final judgments, orders, and decrees. 28 U.S.C. § 158(a). Pursuant to Federal Rule of Bankruptcy Procedure 8022, a party may file a motion for rehearing to the district court within 14 days after entry of judgment on appeal. Fed. R. Bankr. P. 8022(a)(1). "The motion must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). "Although Rule 8022 does not specify the appropriate standard for granting a motion for rehearing, district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure." *Gillis v. Wells Fargo Home Mortg.*, No. 3:19cv875, 2020 WL 2115879, at *2 (E.D. Va. May 4, 2020); *Kelly v. Schlossberg*, No. 8:17-cv-3846, 2018 WL 4357486, at *2 (D. Md.

Sept. 12, 2018) (holding that "the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate"); *Myers v. McNamee*, *Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 8:19-CV-00636-PX, 2020 WL 758154, at *2 (D. Md. Feb. 13, 2020). Under Federal Rule of Civil Procedure 59(e), a judgment may be amended in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

## Analysis

The Appellant has not shown that a rehearing of the June 6, 2025, Decision is warranted, pursuant to Fed. R. Bankr. P. 8022. In his motion for rehearing, the Appellant argues that the Court should reconsider the June 6, 2025, Decision, upon the grounds that the Bankruptcy Court's conversion of this matter from a Chapter 11 case to a Chapter 7 case was futile, because his debts are primarily consumer debts. *See* ECF No. 17. But, the Appellant has not identified a proper ground for rehearing the June 6, 2025, Decision, because the Appellant neither identifies a change in controlling law, presents new evidence, nor asserts that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See id*. Rather, the Appellant improperly seeks to use his motion for rehearing as a vehicle to re-litigate this appeal. *See id*; *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013) ("A motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's ruling will not support granting such a request.") (internal citation and quotation marks omitted). For this reason, the Court must DENY the Appellant's motion for rehearing. Fed. R. Bankr. P. 8022.

## Conclusion

For the foregoing reasons, the Court **DENIES** the Appellant's motion for rehearing (ECF No. 17).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

3